[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This is a dispute between fallen out ex-friends over the balance due on a loan. It is clear that on March 22, 1988 the plaintiffs loaned the defendant $14,673.84. To raise the cash to permit this loan, the plaintiffs took out a house equity loan with American Bank and in doing so, they committed themselves to the repayment of the principal borrowed and the payment of interest. The defendant orally agreed to repay the loan and also the bank's finance charges. The plaintiffs concede that the defendant did reimburse them for the finance charges so that is not an issue. The plaintiffs were in the process of building a home and it was agreed that the defendant, a skilled artisan, would do work on framing, sheathing and roofing the house and it was agreed that instead of being paid for his work in cash, he would be given credit against the loan. The named plaintiff kept records of the hours worked by defendant and it totals 197.5 hours. The defendant claims 200 hours. The discrepancy is so minor that I accept the 200 hour figure. It is undisputed that the defendant did pay $1,000 in cash, supplied a pump for the well at a cost of $1,900, supplied sand worth $240 and concrete worth $250 and furnished the services of a bulldozer worth $850. There had been a claim that the defendant was also entitled to a credit for drilling and casing the well and in the event that claim has not CT Page 1059 been abandoned, I find as a fact that he is not entitled to such a credit as the plaintiffs clearly paid the well digger directly.
The plaintiffs' position is that it was agreed that the credit for work done was to be at the rate of $15 per hour. The defendant disputes this and cites the going rate for contractors of this sort which is figured on a square foot basis. That approach has no probative value in this instance because it contemplates that the contractor would furnish all the labor necessary for the work whereas the named plaintiff and his son worked on the job and there was also a third party who was paid by the plaintiff. Also, a contractor would furnish all necessary tools whereas in this instance some tools were provided by the plaintiffs. All of the plaintiffs' records from day one are consistent with the $15 rate and I conclude that the plaintiffs have borne their burden of proof. At that rate, the defendant is entitled to a credit of $3,000. My calculation of the credits totals $6,240. However, the plaintiffs conceded a credit of $6,291.39. It is understandable that our figures differ for in addition to this matter, the parties had other dealings involving loaning and repaying money and it is difficult to determine from the records what of those transactions might apply to this loan.
Based on the foregoing, I conclude there is a balance due the plaintiffs in the amount of $8,382.45 and judgment may enter for them in that amount, costs to be taxed.
J. HEALEY, STATE TRIAL REFEREE.